**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EVELYN RIVERA RODRIGUEZ,

    Plaintiff,

v.                                         Case No: 6:23-cv-2327-LHP

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 17)
>
> **FILED:** May 20, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On December 4, 2023, Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of an application for disability benefits.  Doc. No. 1.  On April 29, 2024, on the Commissioner's

unopposed motion, the Court entered an order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. Nos. 13–14.  Judgment was thereafter entered in favor of Plaintiff and against the Commissioner on April 30, 2024.   Doc. No. 15.

On May 20, 2024, Plaintiff filed the above-styled motion requesting an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. No. 17.  The Commissioner does not oppose the motion.  *Id.* at 4.  However, upon consideration, the Court will deny the motion without prejudice as premature.

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action."   28 U.S.C. § 2412(d)(1)(B).  A final judgment is defined as a judgment that "is final and not appealable."   *Id.* § 2412(d)(2)(G).  The Commissioner generally has 60 days in which to appeal.  *See* Fed. R. App. P. 4(a)(1)(B).   Thus, "[t]he 30–day EAJA clock begins to run after the time to appeal [the] 'final judgment' has expired."  *Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991).

In this case, judgment was entered on April 30, 2024.  Doc. No. 15.  The EAJA clock does not begin until after the time to appeal that judgment has expired.  *Melkonyan,* 501 U.S. at 96.   Because 60 days have not yet passed since entry of the judgment, Plaintiff's application for attorney's fees is premature.  *See Collins v.*

*Comm'r of Soc. Sec.*, No. 6:20-cv-2379-CEM-LHP, Doc. No. 34 (M.D. Fla. Jan. 14, 2022) (similar).  *See also Barbour v. Colvin*, No. 12-CV-00548 ADS, 2013 WL 7206218, at *1 (E.D.N.Y. Aug. 1, 2013) (vacating portion of order granting the plaintiff fees under the EAJA when the EAJA petition was filed prematurely before the 60 days for the United States to appeal had expired).  *But see Inman v. Apfel*, No. 3:97-cv-1273-J-HTS, 2000 WL 1221858 (M.D. Fla. Jul. 14, 2000) (EAJA petition was filed prematurely before the time for appeal had expired, but deeming the petition timely filed because it was timely when the order granting EAJA fees was entered).[1]

---

[1] The Court is aware that in the Eleventh Circuit, "[a] premature EAJA request is timely."  *Powell v. Comm'r of Soc. Sec.*, 418 F. Supp. 3d 1068, 1072 (M.D. Fla. 2019) (citing *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990)).  But the Court has not located any authority under which, pursuant to this principle, the Court may rule on a premature EAJA petition prior to the expiration of the appeal period which renders a judgment final.  Some courts have ruled on EAJA petitions prematurely filed if the petition becomes timely by the time the order ruling on the EAJA request is entered.  *See, e.g., Inman*, 2000 WL 1221858.  *See also In re Davis*, 899 F.2d 1136, 1137 & n.1 (11th Cir. 1990) (noting that premature EAJA petition was timely even though it was filed before time to appeal expired; the application was stayed during pendency of the appeal).  Thus, it appears that the Court may, at this juncture, either deny the EAJA petition without prejudice as premature or defer ruling until it becomes timely.  In its discretion, in this case, the Court has determined that a denial without prejudice is appropriate.  Accordingly, Plaintiff may renew the motion after the judgment becomes final in this case.  Alternatively, if Plaintiff has legal authority demonstrating that a ruling on the EAJA petition prior to final judgment would be appropriate, Plaintiff may choose to renew the motion prior to the expiration of the appeal period with citation to such legal authority in support.

Accordingly, Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act (Doc. No. 17) is **DENIED without prejudice as premature**.

**DONE** and **ORDERED** in Orlando, Florida on May 21, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties