UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVELYN RIVERA RODRIGUEZ,

        Plaintiff,

v.                                                                                    Case No:   6:23-cv-2327-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

ORDER

This cause comes before the Court on an Unopposed Motion for Authorization of an Attorney Fee Under Section 206(b)(1) of the Social Security Act. Doc. No. 21.  Upon review, and for the reasons that follow, the motion (Doc. No. 21) is **GRANTED**.

I.    BACKGROUND.

Prior to filing the above-styled case, on December 2, 2023, Evelyn Rivera Rodriguez ("Claimant") entered into a contingency fee agreement with Heather Freeman, Esq., for the purpose of appealing the Commissioner of Social Security's ("the Commissioner") denial of Claimant's request for social security disability benefits.  Doc. No. 21-1.  In the event that the Court remanded the case to the

Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Freeman and her law firm a fee of twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.  *Id.*

On December 4, 2023, Claimant filed a complaint against the Commissioner, alleging that the Commissioner improperly denied her request for disability benefits.   Doc. No. 1.   On April 29, 2024, on the Commissioner's unopposed motion, the Court[1] reversed and remanded the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. Nos. 13, 14.   Judgment was entered accordingly the following day.   Doc. No. 15.

Following remand, Claimant timely moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).   Doc. No. 19. According to that motion, Claimant's counsel spent a total of 12.7 hours working on this case before this Court.  *Id.*   The Court granted the motion in relevant part and awarded Claimant a total of $3,106.67 in attorney's fees pursuant to the EAJA, as well as $405.00 in costs for the filing fee.   Doc. No. 20.

On remand, the Commissioner found that Claimant was disabled and awarded her a total of $89,982.00 in past-due benefits.   Doc. No. 21-2, at 3.   Besides

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge in this case.   Doc. Nos. 1, 6.

administrative level fees ($9,200.00), the Commissioner did not withhold any amount for payment of attorneys' fees under 42 U.S.C. § 406(b).  *Id.*

On March 20, 2025, Attorney Freeman filed the above-styled motion seeking authorization to collect a total of $12,000.00 in attorney's fees from Claimant pursuant to 42 U.S.C. § 406(b), which is less than twenty-five percent (25%) of the past-due benefits awarded ($22,495.50), given the subtraction of the EAJA fees previously awarded ($3,106.67), as well as further voluntary reductions by counsel ($7,388.83).  Doc. No. 21.  According to the motion, because the Commissioner did not withhold any fees for payment under § 406(b), the entire remaining amount after deduction of administrative fees ($80,782.00) was dispersed to Claimant, and Claimant has deposited $12,000.00 in Attorney Freeman's trust account pending resolution of the instant motion.  *Id.* at 3–4.

Claimant does not oppose Attorney Freeman's request for fees.  *Id.* at 4.  Neither does the Commissioner.  *Id.* at 9; Local Rule 3.01(c).  The matter is ripe for review.

## II.   APPLICABLE LAW.

Attorney Freeman seeks attorney's fees pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[2] The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id.* § 406(b)(2). Therefore, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id.* at 1277. Accordingly, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover attorney's fees for the

---

[2] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the 25% limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b). In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the 25% limit on the amount of fees that could be awarded from past-due benefits. *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970). Accordingly, the Court has not considered any § 406(a) fees that have been awarded to Claimant's administrative representative.

work performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits. *Id.*

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b)—both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The reasonableness of an attorney fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely on the existence of a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 807–08. Rather, a court must review the contingency fee agreement as an independent check to ensure that it yields a reasonable result in each particular case. *Id.* In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the

number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings.  *See id.* at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent and billing rate do not control a court's determination of overall reasonableness).  The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

### III.  ANALYSIS.

Attorney Freeman represented Claimant before this Court and, through her advocacy, achieved a reversal and remand of the Commissioner's final decision.  *See* Doc. Nos. 14–15.  Ultimately, the Commissioner found that Claimant was disabled and awarded her a total of $89,982.00 in past-due benefits.  Doc. No. 21-2, at 3.  Attorney Freeman is therefore entitled to an award of attorney's fees under § 406(b).  *See Bergen*, 454 F.3d at 1271.

Attorney Freeman is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded to Claimant, *i.e.*, $22,495.50.  *See* 42 U.S.C. § 406(b)(1)(A); Doc. No. 30-1; Doc. No. 30-2, at 3.  Attorney Freeman has elected to

effectuate the requisite refund of the EAJA award, *i.e.*, $3,106.67, by reducing her request for attorney's fees under § 406(b) by the amount previously awarded under the EAJA. *See Jackson*, 601 F.3d at 1271. Attorney Freeman also further voluntarily reduces the fee by an additional $7,388.83 per agreement with Claimant. Doc. No. 21, at 3–4. So, Attorney Freeman seeks a total of $12,000.00 in fees under § 406(b). *Id.*

The Court finds that the amount Attorney Freeman requests in § 406(b) fees is reasonable. First, Claimant entered into a contingency fee agreement, in which she agreed to pay Attorney Freeman and her law firm a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded. *See* Doc. No. 21-1. This agreement militates in favor of finding that the requested amount is reasonable. *See Wells*, 907 F.2d at 371. Second, Attorney Freeman and her law firm spent a total of approximately 12.7 hours litigating Claimant's case before this Court. *See* Doc. No. 19. As a result of Attorney Freeman's advocacy, Claimant was successful on her claims and became entitled to past-due benefits. *See* Doc. No. 21-2. Third, there is no evidence that Attorney Freeman or her law firm caused any delays in this case. Finally, Attorney Freeman undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits, and has voluntarily further reduced her requested fee. In light of the foregoing, the Court finds that Attorney

Freeman's request for $12,000.00 in attorney's fees under § 406(b) reasonable under the circumstances of this case.

## IV. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The Unopposed Motion for Authorization of an Attorney Fee Under Section 206(b)(1) of the Social Security Act (Doc. No. 21) is **GRANTED**.

2. Attorney Freeman is authorized to charge and collect from Claimant a total of $12,000.00 under § 406(b).[3]

**DONE** and **ORDERED** in Orlando, Florida on April 18, 2025.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Although Attorney Freeman requests an instruction that disbursement of the fee be made from her trust account, Doc. No. 21, at 8, 9, Attorney Freeman provides no argument or legal authority demonstrating any such order is necessary or appropriate in this case. Accordingly, the Court declines to so order.

- 8 -